HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TREEHOUSE AVATAR LLC,

    Plaintiff,

v.

VALVE CORPORATION,

    Defendant.

CASE NO. C17-1860-RAJ

ORDER

This matter comes before the Court on Defendant Valve Corporation's ("Valve") Motion to Seal. Dkt. # 129. In its Motion to Seal, Valve argues that the Court should permit it to file under seal Exhibits A-F to the Motion for a More Definite Disclosure of Asserted Claims and Infringement Contentions (Dkt. ## 131-134), and the associated portions of that motion. *Id*. at 1. Plaintiff Treehouse Avatar LLC ("Treehouse") opposes Valve's Motion to Seal, and Valve has filed a Reply, attaching a revised request of a narrower subset of information to be filed under seal. Dkt. ## 136, 137. For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Valve's Motion to Seal.

ORDER- 1

There is a "strong presumption" in favor of public access to court records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); Local Rules W.D. Wash. LCR 5(g). A court cannot allow documents to remain under seal unless it articulates its reasons for doing so. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) (vacating order sealing, without explanation, documents submitted in support of injunction motion). In general, the party seeking to shield litigation documents from public view must show "compelling reasons" for doing so, and the court must balance the reasons the party articulates against the public's interest in understanding the judicial process, the general preference for access and disclosure, and other policies favoring disclosure. *Kamakana*, 447 F.3d at 1178-79.

Valve claims that the redacted portions of the briefing and infringement contentions, as reflected in Exhibits A-F to its Motion for a More Definite Disclosure of Asserted Claims and Infringement Contentions, and the associated parts of that motion, represent proprietary and confidential information concerning the processes Valve uses in its product's operation. Dkt. # 129 at 2. Valve contends that disclosure of this information would result in harm to Valve's competitive standing, and provides a declaration from Valve's General Counsel to support this contention. *Id.*; Dkt. # 130. Valve has filed unredacted versions of the subject motion and associated exhibits under seal, and provided the Court with redacted copies for the public record. Dkt. ## 131-134. Valve also states that it has met and conferred with Treehouse on the material to be filed under seal. Dkt. # 129 at 3.

Treehouse contends that though this information may be technical in nature, much of what Valve seeks to file under seal is available from public sources, such as internet webpages, and is thus not confidential. Dkt. # 135. Treehouse provides a number of examples showing how the specific information Valve sought to file under seal was already publicly available, in some cases verbatim, from multiple web sources. *See* Dkt. ## 135-1 to 135-15. In response, Valve filed a Reply that included revised redactions,

removing many of its previous redactions, and argued that the remaining redacted information is not publicly available and qualifies as proprietary business information. Dkt. ## 136, 137.

The Court agrees with Treehouse that Valve's original request improperly sought to file under seal a large amount of publicly available information. However, after reviewing Valve's revised request, the Court finds that Valve has demonstrated that the remaining information it now seeks to file under seal is proprietary technical business information that is not already in the public domain. The portions Exhibits A and B to Valve's Motion for a More Definite Claim Construction that it now seeks to redact all derive from Valve's internal documents produced during discovery, and Treehouse has not demonstrated that these specific portions are publicly available. Valve has adequately demonstrated that in these specific instances, the information is confidential, technical, and proprietary. Valve's revised redactions appear reasonable and minimize the amount of information to be shielded from public view.

As Valve notes, Treehouse also does not specifically contest that Exhibits E and F, which Valve also seeks to file under seal, contain the type of non-public proprietary technical information that would be properly kept under seal. Dkt. # 136 at 2, n. 1. The Court agrees with Valve that Exhibit E appears to reflect a document from Valve's internal intranet that contains non-public information about the technical operation of Valve's products, and Valve has provided justification for why this information should be under seal. Dkt. # 134-4. However, Exhibit F appears to be a printout of a publicly-accessible website, which contains a host of information that Valve no longer seeks to file under seal in other portions of its Exhibits. The Court finds few compelling reasons why Exhibit F should remain under seal, but will give Valve twenty-one (21) days from the date of this Order to provide one. Otherwise, the Court will order Exhibit F to be unsealed.

The Court accordingly **GRANTS IN PART AND DENIES IN PART** Valve's Motion to Seal. Dkt. # 129. Valve may maintain the following Exhibits associated with Valve's Motion for a More Definite Disclosure of Asserted Claims and Infringement Contentions, and the portions of that Motion reflecting such information, under seal: (1) Portions of Exhibit A as indicated at Dkt. # 137-1; (2) Portions of Exhibit B as indicated at Dkt. # 137-2; and (3) Exhibit E (Dkt. # 134-4). **Within twenty-one (21) days of this Order, Valve is instructed to provide this Court with reasons why Exhibit F (Dkt. # 134-5) should remain under seal. If Valve fails to make such a filing, the Clerk is instructed to unseal this document**.

Dated this 23rd day of January, 2019.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge