HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TREEHOUSE AVATAR LLC, | |
| Plaintiff, | CASE NO. C17-1860-RAJ |
| v. | ORDER |
| VALVE CORPORATION, | |
| Defendant. | |

This matter comes before the Court on Defendant Valve Corporation's ("Valve") Motion for a More Definite Disclosure of Asserted Claims and Infringement Contentions ("Motion"). Dkt. # 131. Plaintiff Treehouse Avatar LLC ("Treehouse") opposes Valve's Motion, and Valve has filed a Reply. Dkt. ## 136, 137. For the reasons stated below, the Court **GRANTS** Valve's Motion.

**I. BACKGROUND**

On May 27, 2015, Plaintiff Treehouse, a Delaware corporation headquartered in Ottawa, Canada, filed the present patent infringement action against Valve in Delaware, alleging infringement of U.S. Patent No. 8,180,858 ("the '858 Patent"). Dkt. # 1. Defendant Valve is a Washington corporation headquartered in Bellevue, Washington.

*Id.* at ¶ 3. Valve produces and markets video games including "Team Fortress 2," "Dota 2," and "Portal 2," among others. *Id.* at ¶ 13.

The '858 Patent, entitled "Method And System For Presenting Data Over A Network Based On Network User Choices And Collecting Real-Time Data Related To Said Choices," was issued on May 15, 2012 to Treehouse as the assignee of inventors Ian N. Robb, Michael B. Madlener, and Ken J. McGuire. Dkt. # 1-1. The '858 Patent is directed to methods of collecting data from an information network in response to user choices of a plurality of users navigating character-enabled ("CE") network sites on the network. *Id.* at 2. For example, in networked video games used through a web browser or computer application accessing a server through the internet, users may select characters and character attributes from data presented to the users in one embodiment. *Id.* at 20-21.

After multiple revisions over the course of litigation, Treehouse narrowed its infringement theories to two games: Dota 2 and Team Fortress 2. Dkt. # 132, Exs. A, B. Treehouse's experts reviewed the source code for Dota 2 and Team Fortress 2 from November 14, 2016 to November 10, 2017, totaling 141 hours over eighteen (18) days. *Id.* at ¶ 2. In December 2017, the District of Delaware transferred the case to this District. Dkt. # 116. Treehouse served its infringement contentions for Dota 2 and Team Fortress 2 on April 27, 2018. Dkt. # 132 at ¶¶ 4-5. Valve served its non-infringement contentions on June 8, 2018. *Id.* at ¶¶ 6-7.

## II. DISCUSSION

Western District of Washington Local Patent Rule 120 requires a party claiming patent infringement to serve on all parties a disclosure of asserted claims and infringement contentions. Pursuant to Local Patent Rule 120, the infringement contentions must contain (a) each claim of each patent that is allegedly infringed by each party; (b) each accused apparatus, product, device, process, method, act, or other instrumentality for each asserted claim; (c) a chart identifying specifically where each

element of each asserted claim is located within each accused instrumentality; (d) for indirect infringement, a description of the acts of the alleged indirect infringer that induced the direct infringement by a third party; (e) whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the accused instrumentality; and (f) the priority date to which each asserted claim allegedly is entitled, if applicable. *See* W.D. Wash. Local Paten Rule 120. Local Patent Rule 124 provides that amendment of infringement contentions may be made only by order of the Court upon a timely showing of good cause. W.D. Wash. Local Patent Rule 124. One example of "good cause" is "recent discovery of nonpublic information about the Accused Device which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Id*.

Valve argues that Treehouse's infringement contentions fail to conform with the specificity requirements of the Local Patent Rules, primarily because they do not include pinpoint citations to the source code of the accused instrumentalities. Dkt. # 131 at 5. Other jurisdictions, such as the Northern District of California, Central District of California, and Eastern District of Texas, generally hold that in software cases, once source code has been provided to plaintiffs, they must supplement their infringement contentions with pinpoint source code citations. *See, e.g., Finjan, Inc. v. Sophos, Inc.*, 14-CV-01197-WHO, 2015 WL 5012679, at *3 (N.D. Cal. Aug. 24, 2015) (granting motion to compel patentee to amend its infringement contentions and to provide pinpoint source code citations for its infringement contentions after the accused infringer supplemented its source code production); *Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, No. C09-05897 RS HRL, 2011 WL 940263, at *7 (N.D. Cal. Feb. 18, 2011) (collecting and following cases in N.D. Cal., and other courts, that require pinpoint citations in software patent infringement actions after the source code has been provided to the plaintiff); *see also Kinglite Holdings Inc. v. Micro-Star Int'l Co. Ltd.*, CV1403009JVSPJWX, 2016 WL 6762573, at *2 (C.D. Cal. June 15, 2016) (ordering

patentee to serve amended infringement contentions that included pinpoint cites to the accused infringer's source code); *Zix Corp. v. Echoworx Corp.*, 2:15-CV-1272-JRG, 2016 WL 3410367, at *2 (E.D. Tex. May 13, 2016) (after accused infringer had produced its source code, striking patentee's amended infringement contentions for not providing identification of the specific source code of the accused product and ordering amended infringement contentions); *Big Baboon Corp. v. Dell, Inc.*, 723 F. Supp. 2d 1224, 1227–28 (C.D. Cal. 2010) (collecting cases holding the same).

The only applicable case from this District that either party cites is *REC Software USA, Inc. v. Bamboo Sols. Corp.*, No. C11-0554JLR, 2012 WL 3527891, at *2 (W.D. Wash. Aug. 15, 2012), where this issue was one of first impression in this District. *REC Software USA, Inc. v. Bamboo Sols. Corp.*, C11-0554JLR, 2012 WL 3545056 (W.D. Wash. Aug. 16, 2012). In *REC Software*, which also involved a patent with method claims applied to software, Judge Robart explicitly adopted the Northern District of California rule that "plaintiff's infringement contentions should provide pinpoint citations to specific portions of computer code once a plaintiff has had a sufficient opportunity to review the source code." *REC Software,* 2012 WL 3545056, at *3.

In its Response, Treehouse first contests the "software nature" of this case, arguing that "wording of the patent claims drives the nature of the evidence that can or must prove infringement." Dkt. # 138 at 2. The Court disagrees. As Treehouse admits, "this case is about two computer games." *Id*. How these video games operate on the software level is the focal point of the infringement analysis. Treehouse cites no authority for its position that the terms of the patent itself, in isolation, determine whether the case is of a "software nature." As Valve notes, the asserted claims of the '858 Patent are directed at functionalities that operate through computer programs. Dkt. # 140 at 3. This case is undoubtedly of a "software nature."

Treehouse next argues there is no rule requiring source code citations in infringement contentions. Dkt. # 138 at 6-7. The Court disagrees, as Treehouse provides

no Ninth Circuit or Federal Circuit authority to dispel the rule set forth in *REC Software*.[1]
The Court notes, however, that there is at least one decision from the Northern District of
California holding that precise pinpoint source code citations may not be required in all
cases, so long as the infringement contentions adequately identify their theory of
infringement by other means. *See, e.g.*, *Finjan, Inc. v. Proofpoint, Inc.*, 13-CV-05808-
HSG, 2015 WL 9023166, at *2-*3 (N.D. Cal. Dec. 16, 2015) (declining to compel
patentee to provide pinpoint source code citations because infringement contentions
included screenshots, references, and source code directories for each accused
instrumentality). The Court does not necessarily reject this approach, but believes that
more specificity is necessary in this case. Although some parts of Treehouse's
infringement contentions for Dota 2 cite to API documentation and some apparent source
code files (*see, e.g.*, Dkt. # 137-1 at 8-10, 26-27), this practice is not uniform. In its
Motion, Valve provides examples of some areas where Treehouse's infringement
contentions, as they currently stand, do not provide the requisite specificity. Dkt. # 131
at 6-13. For instance, Treehouse's infringement contentions contain multiple references
to IP addresses and screenshots of servers it claims to be CE network sites, but fails to
identify definitively what these sites are, where these sites are located, and what specific
operations of the accused software utilize these sites. Dkt. # 137, Ex. A at 2; Ex. B at 1-
5, 15, 18. Moreover, although Treehouse purportedly identifies a "database" in its Dota 2
infringement contentions, it does not show or indicate where in the actual accused

---

[1] The only authority Treehouse cites for this proposition, *Stratasys, Inc. v. Microboards Tech. LLC*, 13-CV-3228 DWF/TNL, 2015 WL 3869672, at *2 (D. Minn. June 23, 2015), is distinguishable from *REC Software* and the Northern District of California rule Judge Robart adopted. First, that case was not in this District nor in the Northern District of California, where the local patent rules serve as the model for this District. Second, that case involved a H-Series 3D Printer, a product distinct from the wholly software nature of the accused products in the present case. *Stratasys*, 2015 WL 3869672 at *2. The Court finds *REC Software* to be the more applicable authority in this matter.

ORDER- 5

products this database exists; instead, Treehouse either cites to internal wiki documents of early versions of what these databases *might* be, or in the case of Team Fortress 2, fail to specifically identify the databases at all. *See, e.g.*, Dkt. # 137, Ex. A at 8-9, 14, 16, 22, 23, 39, 42, 62, 63, 65, 70; Ex. B at 5, 10-12, 15, 18.

After having access to Valve's source code for each accused product, Treehouse's general references to preliminary documents are insufficient to identify operations in the accused products as they actually exist. While Treehouse's infringement contentions do contain descriptions, references, and screenshots of Valve's accused instrumentalities, merely "parroting claim language or referencing screenshots and/or website content" is generally not enough to satisfy the specificity requirement of the Local Patent Rules. *Sophos*, 2015 WL 1517920 at *6. And although Treehouse provided source code citations for some elements, compared to the plaintiff in *Proofpoint*, who at least referenced source code directories for *all* asserted claim elements, Treehouse's infringement contentions fall short. *Proofpoint,* 2015 WL 9023166 at *3. For those that remain, Treehouse's citations to general system descriptions of, for instance, the Steam Economy based on information from wikis do not definitively show where in the actual accused products the infringing instrumentalities are located. Software cases, like this one, require more specificity than arguing infringement by implication.

Treehouse's remaining arguments against requiring source code citations are unavailing. Treehouse's contention that Valve's objections were untimely is more finger-pointing than viable argument, and Treehouse cites no authority that would require Valve to respond sooner than it did. Dkt. # 138 at 4-5. Treehouse argues that Valve's invalidity contentions also do not contain pinpoint source code citations, but this argument is a non-sequitur; Treehouse cites no authority requiring such citations, and even if they did, this would not cure Treehouse's own failure to provide such citations. *Id.* at 11. Finally, Treehouse's argument that Valve has not suffered prejudice is unconvincing. *Id.* at 11-13. The specificity of Treehouse's infringement contentions necessarily affects Valve's

ability to craft effective non-infringement contentions, which Valve cannot do so long as Treehouse's infringement contentions lie in a realm of uncertainty.

Ultimately, the Court finds that because this case involves a patent applied to computer software, and Treehouse has had access to that software's source code for nearly a year, the *REC Software* approach should apply. Providing citations to the relevant source code locations would, in this Court's view, help ameliorate Valve's stated concerns, and bring Treehouse's infringement contentions in line with Local Patent Rule 120. Some of Treehouse's contentions appear to already contain references to relevant code or API documentation files, but this practice must apply to each claim limitation.

Accordingly, the Court will **GRANT** Valve's Motion. Treehouse shall serve amended infringement contentions containing source code citations complying with Local Patent Rule 120 and the rule set forth in *REC Software USA, Inc. v. Bamboo Sols. Corp.*, No. C11-0554JLR, 2012 WL 3527891 (W.D. Wash. Aug. 15, 2012) **no later than twenty-one (21) days from the date of this Order**. Valve is granted leave to serve amended non-infringement and invalidity contentions **no later than twenty-one (21) days from the date Treehouse serves its amended infringement contentions**. In facilitating the service of Treehouse's amended contentions, the Court expects the parties to be civil and cooperate in the sharing of necessary information. For instance, to the extent Treehouse may need to review or re-review Valve's source code to amend its contentions to the specificity Valve requests, the Court expects Valve to promptly make this information available to Treehouse, so it may complete its amended contentions by the deadline. Failure to act in accordance with this directive will only further delay the resolution in this case and may result in sanctions.

//

//

//

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Valve's Motion for a More Definite Disclosure of Asserted Claims and Infringement Contentions. Dkt. # 131.

Dated this 25th day of February, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge