THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TREEHOUSE AVATAR LLC,

    Plaintiff,

v.

VALVE CORPORATION,

    Defendant.

Case No. C17-1860-RAJ

**ORDER GRANTING MOTION TO SERVE AMENDED NON-INFRINGEMENT AND INVALIDITY CONTENTIONS**

This matter is before the Court on Defendant Valve Corporation's motion to serve amended non-infringement and invalidity contentions. Dkt. # 159. For the following reasons, the motion is **GRANTED**.

## I.   BACKGROUND

This is a patent infringement case. Plaintiff Treehouse Avatar LLC ("Plaintiff" or "Treehouse") is suing Defendant Valve Corporation ("Defendant" or "Valve") for infringing its patent, United States Patent No. 8,180,858 ("the '858 patent"). The '858 patent, issued on May 15, 2012, relates to methods of collecting data from an information network in response to user choices of a plurality of users navigating character-enabled ("CE") network sites on the network. Dkt. # 1-1. On November 8, 2019, the Court held a *Markman* hearing on the parties' claim construction briefing. Following the hearing, the Court issued an order construing ten disputed claim terms. Dkt. # 155. Valve now

ORDER - 1

requests leave to serve amended non-infringement and invalidity contentions.  Dkt. # 159.

## II.   DISCUSSION

Local Patent Rule 124 permits a party to amend its invalidity or non-infringement contentions "upon a timely showing of good cause."  Example of circumstances that may support of a finding of "good cause" include "a claim construction by the Court different from that proposed by the party seeking amendment."  Local Patent Rule 124.  In determining whether good cause exists, courts consider if the moving part was diligent in amending its contentions.  *REC Software USA, Inc. v. Bamboo Solutions Corp.*, No. C11–0554JLR, 2012 WL 3527891, at *2–3 (W.D. Wash. Aug. 15, 2012).  If the moving party shows diligence the court must consider if granting leave to amend will prejudice the non-moving party.  *Id.* at *3.

Treehouse does not oppose Valve's motion to amend its non-infringement contentions.  Dkt. # 161 at 1.  Accordingly, the Court will focus it analysis on Valve's motion to amend its invalidity contentions.  Valve seeks leave to amend its invalidity contentions based on the Court's construction of the term "real time."  Dkt. # 159 at 3.  In its November 25, 2019 claim construction order, this Court adopted Treehouse's proposed construction and defined the term "real time" as "without any lag perceived by a user."  Dkt. # 155 at 9.  Based on this construction, Valve now intends to incorporate written description and enablement invalidity contentions for claim 1 and its dependent claims.  Dkt. # 159 at 3.  Treehouse argues that Valve's motion is untimely because Valve has been aware of Treehouse's proposed construction of the term "real time" for over three years and could have raised these defenses previously.  Dkt. # 161.  Valve claims it could not have amended its invalidity contentions earlier because asserting written description and enablement contentions prior to claim construction would have been inconsistent with Valve's position that the term "real time" was indefinite.  Dkt. # 162 at 2.  In other words, because only definite claim terms are subject to the written

description and enablement requirements, it would have been inconsistent for Valve to argue that the term "real time" lacked a proper written description and was not enabled. *Id.* at 3.

Here, the Court finds that Valve was diligent in seeking to amend its invalidity contentions. Shortly after the Court issued its claim construction order, the parties began discussing the need to amend their infringement and invalidity contentions: Valve indicated that it intended to seek to amend its contentions based on the Court's claim construction. Dkt. # 160 at ¶ 5. On January 23, 2020, Valve filed the instant motion seeking leave to amend. Dkt. # 159. Additionally, there is no evidence that Treehouse will be prejudiced if Valve is given leave to amend. *See Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 7386136, at *3 (N.D. Cal. Dec. 21, 2016) ("[T]he court retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party."). Discovery in this matter is ongoing and the Court recently gave the parties leave to submit a revised case schedule extending the remaining pretrial deadlines. Accordingly, the Court finds that Valve should be permitted to amend its invalidity contentions.

### III.   CONCLUSION

For the above reasons, Valve's motion to serve amended non-infringement and invalidity contentions is **GRANTED**. Dkt. # 159.

Dated this 29th day of May, 2020.

_____

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge