The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TREEHOUSE AVATAR LLC,<br><br>Plaintiff,<br><br>v.<br><br>VALVE CORPORATION, a Washington corporation,<br><br>Defendants. | Civil Action No. 2:17-cv-01860-RAJ<br><br>TREEHOUSE'S DAUBERT MOTION TO EXCLUDE TESTIMONY OF VALVE EXERT DR. ZYDA<br><br>Note on Motion Calendar: September 17, 2021 |

Treehouse Avatar LLC ("Treehouse") requests an order that portions of the testimony of Dr. Zyda, an expert for Defendant Valve Corporation ("Valve"), be excluded at trial.

**Certification**: The undersigned certifies that on July 16, 2021, the undersigned counsel participated in a telephonic conference with Gavin Skok and Rey Barcelo, counsel for Valve, in an effort to resolve the issues raised in the present motion, but were not successful in doing so.

### A. References To Half Life Should Be Excluded

Treehouse previously requested that Valve, and Dr. Zyda, should not be permitted to assert invalidity of the Treehouse patent (U.S. patent 8,180,858) based on a video game called

TREEHOUSE DAUBERT MOTION – 1
Civil Action No. 2:17-cv-01860-RAJ
TRHA-6-1000 P28 Daubert

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Half-Life because it was not properly disclosed. *See* Dkt. #183. Treehouse renews that request here.

### B. Opinions Based On Improper Claim Construction Should Be Excluded

Throughout his reports, Dr. Zyda offers opinions based on claim constructions that are inconsistent with this Court's claim construction order, sometimes offering entirely new constructions and at other times offering constructions despite the Court's conclusion that no construction would be required. As the Federal Circuit has held, the "risk of confusing the jury is high when experts opine on claim construction before the jury even when, as here, the district court makes it clear to the jury that the district court's claim constructions control." *Cytologix Corp. v. Ventana Med. Sys.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005). Expert testimony inconsistent with the Court's claim construction is inherently unreliable and unhelpful to the finder of fact, and should be excluded under the *Daubert* standard. *Personalized User Model, L.L.P. v. Google, Inc.*, 2014 U.S. Dist. LEXIS 25356, 2014 WL 807736, at *1 (D. Del. February 27, 2014); *see also Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009). Likewise, expert testimony based on an impermissible claim construction is irrelevant and could confuse the jury, and should be excluded. *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006).

The applicable opinions of Dr. Zyda are contained in his noninfringement report (attached as Exhibit 1; this report bears a confidential legend, but the excerpted portions included in Exhibit 1 are not confidential), and his patent validity report (attached as Exhibit 2). Each of these reports is attached in excerpted form to provide examples of the content at issue.

TREEHOUSE DAUBERT MOTION – 2
Civil Action No. 2:17-cv-01860-RAJ
TRHA-6-1000 P28 Daubert

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

### 1. *Presenting to the user interface*

At claim construction, Valve proposed a construction for the patent claim limitation "presenting to the user interface," and the Court held that no construction was required. Dkt. #155, at pp. 6-7. Valve's expert Dr. Zyda, however, advances yet another proposed construction in his report, adding argument in favor of it. Exhibit 1, at ¶¶ 98-104. Through Dr. Zyda, Valve asserts that this limitation means "showing or otherwise manifesting in a user-perceptible way (whether by means of visible light, audible sound, or another output that a client device could produce and a human user could detect)." *Id*. at ¶ 104. Dr. Zyda's remarks with respect to this limitation are not merely a discussion and mapping of the claim language to the accused method; rather, they first advance a definition and accompanying argument in favor of that definition. If Valve wanted to adopt the claim construction in Dr. Zyda's infringement report, it should have done so earlier, at the time of the claim construction process. Moreover, the Court having rejected Valve's prior asserted claim construction, Valve should not be allowed to present a new and different construction with argument in favor of it, thereby replacing the claim language with its construction and telling the jury that its claim construction controls. Dr. Zyda's claim construction argument and the subsequent opinion based on it should be excluded.

### 2. *Creating a character*

Valve also advances a claim construction argument for the term "creating a character," asserting that "creating" requires some form of original artistic design using an animation program or similar process, as opposed to creating a character by choosing from among a collection of separately preexisting features that can be combined to produce the character. Exhibit 1, at ¶¶ 235-41. If Valve had asserted this claim construction at the appropriate time, the parties could have presented it to the Court for resolution during the claim construction process.

TREEHOUSE DAUBERT MOTION – 3
Civil Action No. 2:17-cv-01860-RAJ
TRHA-6-1000 P28 Daubert

LOWE GRAHAM JONES pllc
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

In turn, Treehouse could have responded by demonstrating that "creating" a character does not *require* a user to conjure up details about a character from whole cloth, but rather it also allows a user to choose features from among a number of options to be combined to produce a creative whole. Consistent with this understanding, while claim 21 of the Treehouse patent requires the "creation" of a character, it also specifically states that creation occurs by selection of attributes: "said character having a character profile including a plurality of attributes <u>selected</u> by said user." Treehouse patent, attached as Exhibit 3, at claim 21. The patent contains similar explanation: "In its basic form the method includes the step of creating a character having a plurality of attributes. Each attribute is selected by the user from a plurality of attributes presented to the user through a user interface to create a persona for the character." *Id*. at 2:64—3:1. Although a character *can* be created by producing an original artistic design, that is only one version of creation and the patent does not limit it to only that version. Valve did not raise this incorrect claim interpretation at the appropriate time, and instead waited for its expert report to present this claim construction and to apply it to the accused method. The asserted claim construction and application to the accused games should be excluded.

### 3. *Plurality of character data*

The claims of the Treehouse patent include the term "storing a plurality of character data." Exhibit 3, at claim 1. At claim construction, the Court provided an interpretation for "character" and "character data" but not for "plurality of character data." Dr. Zyda now offers an interpretation of this larger limitation that was not offered during claim construction, and which even he admits is nonsensical because it renders it redundant.

The term "plurality of character data" could potentially be interpreted to mean either (1) data for a plurality of characters, or (2) a plurality of data for a character. These two claim

TREEHOUSE DAUBERT MOTION – 4
Civil Action No. 2:17-cv-01860-RAJ
TRHA-6-1000 P28 Daubert

LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

construction possibilities are quite different from one another, but they were not presented to the Court to consider during the claim construction process. In Treehouse's infringement contentions, it was clear that Treehouse asserted infringement based on the former construction, not the latter one. See, for example, Treehouse's initial infringement contentions for Dota 2, asserting that the "Dota 2 game includes a plurality of heroes stored in the database." Exhibit 6 (excerpted and redacted to remove confidential information), at pp. 5-6.

In his invalidity report, Dr. Zyda adopts and applies the latter construction, facilitating Valve's argument that the claims are invalid based on prior art references describing the use of only a single character rather than those describing multiple characters. Even as Dr. Zyda offers this opinion, he admits that his construction renders the term "plurality" redundant. Exhibit 3 at ¶129. As he acknowledges, the term "data" is the plural of "datum," and therefore the notion of a plurality of data is nonsensical because it is duplicative. Dr. Zyda nonetheless opines that the presence of an individual character in the prior art shows the required "plurality of character data" because an individual character is comprised of more than one bit or byte of data, thereby having a "plurality of data." Exhibit 3 at ¶130. If Valve had wanted to apply this admittedly redundant claim construction, it should have offered it during the claim construction process, but it did not. Dr. Zyda should not be allowed to present this new claim construction in his expert report, or to offer opinions based on this new and admittedly redundant construction.

### 4. Network location

Dr. Zyda's report initially observes the Court's claim construction that a "character-enabled network site" is a "network location, other than a user device, operating under control of a site program to present a character, object, or scene to a user interface." Exhibit 3, at ¶¶ 146-47. Dr. Zyda further refers to content from within the Treehouse patent showing that the character-

TREEHOUSE DAUBERT MOTION – 5
Civil Action No. 2:17-cv-01860-RAJ
TRHA-6-1000 P28 Daubert

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

enabled network sites are locations on the network, and that while a single physical server can host multiple network sites, each network site is nonetheless a *location on the network*.

Despite paying lip service to the Court's construction and the accompanying usage in the Treehouse patent, Dr. Zyda proceeds to apply this limitation in a very different way within his expert report, adopting an altogether different construction. In some of his claim charts applying the claims to the prior art, Dr. Zyda interprets a character-enabled network site as a room or an area within a game, not an addressable location on a network. Thus, for example, Dr. Zyda states that a particular alleged prior art game "was character enabled and included distinct areas, *i.e.* network sites." Exhibit 7, at p. 37. The games at issue typically have a geographic layout in which a player may travel from one room to another, or from one region to another, and Dr. Zyda's charts sometimes equate these "distinct areas" with "network sites."

Although a location or distinct area within a game may in some sense be a "site," it is not a "character-enabled network site," nor is it a "network location" as the Court has construed this term. The Court's claim construction plainly states that the character-enabled network site is something "other than a user device, operating under control of a site program" thereby making it clear that the character-enabled network site is a *site on a network*, not a *site within a game*. Moreover, Valve never advanced this position at the time of the claim construction briefing, and to the extent Dr. Zyda advances this position now it is entirely new and inconsistent with the claim construction order. Dr. Zyda should not be allowed to offer opinions to the effect that a location within a game is a character-enabled network site.

C. Opinions Based On Hearsay Should Be Excluded

Dr. Zyda further relies heavily on hearsay declarations for fundamental propositions such as on-sale dates for asserted prior art and the manner of operation of alleged prior art games. It is

TREEHOUSE DAUBERT MOTION – 6
Civil Action No. 2:17-cv-01860-RAJ
TRHA-6-1000 P28 Daubert

LOWE GRAHAM JONES™
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

impermissible for an expert to become "nothing more than a transmitter of testimonial hearsay," and such abuses should not be permitted. *Rotman v. Progressive Ins. Co.*, 955 F. Supp. 2d 272, 283 (D. Vt. 2013). Federal Rule of Civil Procedure 702 permits expert opinion testimony, but not hearsay within those opinions. *Paddack v. Dave Christensen, Inc.,* 745 F.2d 1254, 1261-62 (9th Cir. 1984) ("Rule 703 merely permits such hearsay, or other inadmissible evidence, upon which an expert properly relies, to be admitted to explain the basis of the expert's opinion. It does not allow the admission of the reports to establish the truth of what they assert." (footnotes and citations omitted)); *Fox v. Taylor Diving & Salvage Co.*, 694 F.2d 1349, 1356 (5th Cir.1983) ("An expert is permitted to disclose hearsay for the limited purpose of explaining the basis for his expert opinion, Fed. R. Evid. 703, but not as general proof of the truth of the underlying matter, Fed. R. Evid. 802."). Where such hearsay relates to facts which would establish a reference to be prior art, such as on-sale dates, the expert cannot rely on hearsay where the expert lacks personal knowledge of such facts. *Indus. Eng'g & Dev. v. Static Control Components, Inc.*, No. 8:12-cv-691-T-24-MAP, 2014 U.S. Dist. LEXIS 141824, at *7 (M.D. Fla. Oct. 6, 2014). Dr. Zyda's invalidity report is replete with references to third party statements concerning the timing and nature of certain alleged prior art disclosures, and he should not be allowed to offer those third party hearsay statements or to testify as to their substance.

*First*, Dr. Zyda cites a declaration of Laura Lee Kusumoto. Exhibit 2, at p. 105; *see also* Exhibit 4 (excerpted). The Kusumoto declaration describes the timing of alleged prior art activity and the alleged content of such prior art systems or methods, though without any accompanying corroboration that is required to prove the existence of the prior art. *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1346 (Fed. Cir. 2013). For example, Ms. Kusumoto refers to

TREEHOUSE DAUBERT MOTION – 7
Civil Action No. 2:17-cv-01860-RAJ
TRHA-6-1000 P28 Daubert

LOWE GRAHAM JONESᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

various developments prior to January of 2000 (*Id.*, at ¶¶15-17) regarding the construction of software that allegedly made various uses of Avatars.

Dr. Zyda asserts in his report that his opinion does not depend on the Kusumoto declaration, and if that is true then he should not need to cite to it or include it in his opinions at all. Dr. Zyda plainly does rely on it, however, for the proposition that various aspects were developed by Ms. Kusumoto at a critical date and therefore constitute prior art. This declaration is plainly hearsay, offered to prove the matters asserted regarding the timing and nature of the alleged prior art, and Dr. Zyda should not be permitted to offer opinions based on it or to refer to it in any way.

**Second**, Dr. Zyda cites to a similar declaration of Andrew Kirmse. Exhibit 2 at ¶237; *see also* Exhibit 5 (excerpted). As with the Kusumoto declaration, the Kirmse declaration is filled with hearsay about the timing and content of the alleged prior art game Meridian 59, seeking to establish that it was contained within the prior art by the required critical date. *See*, for example, Exhibit 5 at ¶¶ 3-18 (the Kirmse declaration contains many more instances of this same type, but only some examples are included in the excerpt for the sake of judicial economy).

In addition to offering hearsay testimony about dates, Mr. Kirmse offers hearsay and uncorroborated testimony about the number of servers allegedly used by the game Meridian 59. For example, he asserts that by the summer of 1996 "we had expanded from a single Meridian 59 server to several." *Id.* at ¶ 4. These are contested issues, offered by Dr. Zyda in the form of a declaration for the truth of the matter asserted. The Kirmse declaration contains many other such assertions that are hearsay and lack foundation, including a comparison between the current Valve offering of Meridian 59 with respect to the original (*Id.* at ¶12). Dr. Zyda should not be permitted to offer opinions based on it or to refer to it in any way.

TREEHOUSE DAUBERT MOTION – 8
Civil Action No. 2:17-cv-01860-RAJ
TRHA-6-1000 P28 Daubert

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Dr. Zyda does not attach other declarations, but he does state that his opinions are based on conversations with individuals having knowledge. Exhibit 2, at p. 1. To the extent any such conversations contain hearsay related to prior art timing or content, or other matters offered for the truth of the matter asserted, they should be excluded and Dr. Zyda should not be permitted to either rely on them or to testify about them.

### D. Improper Expert Testimony Should Be Excluded

Dr. Zyda further relies on the above third party declarations of Kusumoto and Kirmse to provide expert testimony, yet the third party declarants are not properly disclosed as experts and they are lacking in foundation, and their expert testimony should be excluded. Ms. Kusumoto's declaration is replete with assertions about what a reader of her patent applications would have understood, what was well known at the time of the invention, and what would have been obvious to a reader at a relevant time. *See* Exhibit 4 at ¶¶ 17, 28, 31, 34, 36, 44, 45, 52, 54, 58, 60. Yet Ms. Kusumoto lacks foundation to make such statements and has not been identified as a retained expert and did not provide a report in accordance with Rule 26 to provide her qualifications as an expert, the bases for her statements, or her testimony in prior cases. Instead, Valve has simply acquired her declaration for Dr. Zyda to include in his report, where he attaches it to rely upon with respect to numerous hearsay and unqualified statements regarding what a person would have understood or what was purportedly well known. These statements of expertise should be excluded and Dr. Zyda should not be permitted to rely upon them.

Mr. Kirmse's declaration likewise contains descriptions of the Meridian 59 game using language drawn from the patent, but without any affirmation that he understood or applied the Court's claim construction, and without any indication that he has read the patent and is qualified to provide statements in this manner. As with Ms. Kusumoto, he was not disclosed as an expert

TREEHOUSE DAUBERT MOTION – 9
Civil Action No. 2:17-cv-01860-RAJ
TRHA-6-1000 P28 Daubert

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

and did not provide a report to do so. Nonetheless, his declaration contains numerous terms drawn from the patent (including terms construed by the Court) in his effort to compare those terms to the Meridian 59 game. See Exhibit 5 at ¶¶ 23 (character attribute data), 24 (stored in a database accessible to servers), 25 (character data), 26 (linking), 48 (sites). These statements of expertise should be excluded and Dr. Zyda should not be permitted to rely upon them.

## Conclusion

For the foregoing reasons, the identified testimony of Dr. Zyda should be excluded at trial.

DATED this 19th day of July, 2021.

LOWE GRAHAM JONES<sup>PLLC</sup>

*/s/ Lawrence D. Graham*
Lawrence D. Graham, WSBA No. 25402
*Graham@LowegGrahamJones.com*
Mark P. Walters, WSBA No. 30819
*Walters@LoweGrahamJones.com*
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

*Attorneys for Plaintiff Treehouse Avatar LLC*

TREEHOUSE DAUBERT MOTION – 10
Civil Action No. 2:17-cv-01860-RAJ
TRHA-6-1000 P28 Daubert

LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301