HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TREEHOUSE AVATAR LLC, | No. 2:17-cv-01860-RAJ |
| Plaintiff, | |
| v. | |
| VALVE CORPORATION, a Washington Corporation, | ORDER |
| Defendant. | |

## I.  INTRODUCTION

This matter comes before the Court on Defendant's motion for summary judgment. Dkt. # 190. Plaintiff opposes this motion. Dkt. # 197. For the reasons below, the motion is **DENIED**.

## II.  BACKROUND

On May 27, 2015, Plaintiff Treehouse Avatar LLC ("Plaintiff") filed a complaint in the United States District Court District of Delaware against Defendant Valve Corporation ("Defendant") alleging patent infringement of U.S. Patent No. 8,180,858 ("the '858 patent"). Dkt. # 1. The '858 patent, entitled "Method And System For

ORDER – 1

Presenting Data Over A Network Based On Network User Choices And Collecting Real-Time Data Related To Said Choices," was issued on May 15, 2012. *Id.* ¶ 7. The patent is assigned to Plaintiff by an assignment filed at the United States Patent and Trademark Office ("USPTO"). *Id.* The three named inventors on the patent are Ian N. Robb, Michael B. Madlener, and Ken J. McGuire. *Id.*

The three inventors had initially filed the patent application on July 12, 2000. Dkt. # 190 at 2. Around the same time, they formed a company named Treehouse Solutions, Inc. ("TSI") with two other individuals to commercialize the ideas in their patent applications. *Id.* Shortly thereafter, Mr. McGuire—one of the inventors—decided to leave the company because he was unable to invest further in the company as was necessary at the time. Dkt. # 191-5 at 12:6-13.

On January 1, 2001, Mr. McGuire signed a mutual release agreement, entitled "Release of Obligation and Liability," whereby he released any claims against TSI or to TSI's assets. The release, signed by Robb, Madlener, McGuire, and the two other owners of TSI states, in part:

> Ken McGuire agrees that as of January 1st, 2001, TreeHouse Solutions, Inc. and/or any of it's [sic] subsidiary companies, stock holders, principals, or any interested parties, have been released of all and any liability and/or obligation to Ken McGuire. Ken McGuire agrees to release any claim to any assets of TreeHouse or any of it's [sic] subsidiary companies for any past, current, or future assets including any and all stocks, interests, copyrights, trademarks, patents, patents pending, URL addresses, artwork, web design, and/or any other claims or assets not mentioned here but owned by TreeHouse and/or it's [sic] subsidiary companies since the beginning of time and forever more.

Dkt. # 191-4 at 6.

Several years later, on January 10, 2005, Mr. Robb and Mr. Madlener conveyed the rights in the '858 patent to TSI through a written assignment. Dkt. # 190 at 3; Dkt. # 191-3 at 1. On September 30, 2011, TSI transferred its rights in the patent to Treehouse Avatar Technologies, Inc. ("TAT") through a "Form of Assignment Agreement." *Id.* at

ORDER – 2

2-3; Dkt. # 191-2 at 3.  TAT subsequently assigned the rights to Plaintiff on May 19, 2015.  Dkt. # 190 at 2; Dkt. # 191-1 at 3.

Plaintiff filed the complaint in the District of Delaware a week later, and, on December 12, 2017, the case was transferred to this Court.  *See* Dkt. # 115-116.  Three years later, Defendant filed its first motion for summary judgment.  Dkt. # 190.

### III.  LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  *Celotex Corp.*, 477 U.S. at 325.  If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial to defeat the motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the nonmoving party must present significant and probative evidence to support its claim or defense.  *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).  Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact.  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. v. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).  The court need not, and will not, "scour the record in search of

ORDER – 3

1  a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see
2  also White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (explaining
3  that the court need not "speculate on which portion of the record the nonmoving party
4  relies, nor is it obliged to wade through and search the entire record for some specific
5  facts that might support the nonmoving party's claim"). "[T]he mere existence of *some*
6  alleged factual dispute between the parties will not defeat an otherwise properly
7  supported motion for summary judgment; the requirement is that there be no *genuine*
8  issue of *material* fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis original).

## IV.  DISCUSSION

In its motion, Defendant argues that Mr. McGuire never, in fact, conveyed his rights in the '858 patent.  Dkt. # 190 at 6.  Consequently, Defendant contends, Plaintiff has no right to the patent and " no legal right to bring a claim of patent infringement" against Defendant.  *Id.* at 2.  The Court now considers whether Mr. McGuire assigned his legal title in the patent at issue in the mutual release agreement executed in 2001.

"The assignment of a patent's legal title is interpreted in accordance with contract statutes and common law in the state where the assignment took place." *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1072 (Fed. Cir. 2020) (citing *Tri-Star Elecs. Int'l Inc. v. Preci-Dip Durtal SA*, 619 F.3d 1364, 1367 (Fed. Cir. 2010)). Here, the alleged assignment took place in California, where Mr. McGuire, a resident of California at the time, signed the mutual release agreement releasing all claims to TSI, a California corporation.  Dkt. # 191-6 at 11:25-13:24.  California courts hold that interpretation of a contract is a question of law.  *Integon Nat'l Ins. Co. v. Reece*, 423 F. Supp. 3d 831, 840 (E.D. Cal. 2019), *aff'd*, 831 F. App'x 274 (9th Cir. 2020).

Under California law, "[t]he fundamental rules of contract interpretation are based on the premise that the interpretation of a contract must give effect to the 'mutual intention' of the parties" at the time of the contract. *MacKinnon v. Truck Ins. Exch.*, 73 P.3d 1205, 1212 (Cal. 2003), *as modified on denial of reh'g* (Sept. 17, 2003).  The

ORDER – 4

parties' mutual intention "is to be inferred, if possible, solely from the written provisions of the contract." *AIU Ins. Co. v. Superior Ct.*, 799 P.2d 1253, 1264 (Cal. 1990). If there is ambiguity, a court must resolve it by considering the provisions "in the sense the promisor . . . believed the promisee understood them at the time of formation." *Id.*

The Supreme Court of California has held that "the meaning of a writing . . . can only be found by interpretation in the light of all the circumstances that reveal the sense in which the writer used the words." *Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 645 (Cal. 1968) (internal citations omitted). The court went on to explain the role of extrinsic evidence in contract interpretation:

> Although extrinsic evidence is not admissible to add to, detract from, or vary the terms of a written contract, these terms must first be determined before it can be decided whether or not extrinsic evidence is being offered for a prohibited purpose. The fact that the terms of an instrument appear clear to a judge does not preclude the possibility that the parties chose the language of the instrument to express different terms. That possibility is not limited to contracts whose terms have acquired a particular meaning by trade usage, but exists whenever the parties' understanding of the words used may have differed from the judge's understanding.

*Id.*

The Court finds that extrinsic evidence is admissible here where the agreement at issue, drafted by a non-lawyer, contains a broad "release [of] any claim to any assets of [TSI] . . . for any past, current, or future assets including any and all . . . patents, patents pending . . . and/or any other claims or assets not mentioned here but owned by [TSI] . . . since the beginning of time and forever more." Dkt. # 191-4 at 6. Although the provision does not specifically and explicitly state that Mr. McGuire's rights to the '858 patent were assigned, the broad language would suggest that such rights to the patent—as to all patents and pending patents—were included in the release to TSI. Based on the ambiguity of the provision, which could reasonably be understood as a release of all rights to patents, however inartfully articulated, the Court may consider extrinsic evidence to determine the intention of the parties.

ORDER – 5

Such evidence is proffered by Plaintiff in the form of a declaration by Mr. McGuire confirming his intention to assign his rights in any patents or patent applications to TSI at the time he signed the agreement. Dkt. # 197-1. His intention is unequivocal:

> The agreement states, in paragraph III, that I release any claim to any assets of TSI, including patents and patents pending. It was my intention and understanding at the time, and remains my intention and understanding today, that through this paragraph[,] I was assigning any interest I might have in any patents or patent applications to TSI. I understood and intended at the time, and still understand and intend today, that this agreement gave to TSI any ownership interest I might have in the patent application which resulted in the granting of US patent 8,180,858. It would be entirely inconsistent with my intention and understanding of the agreement, and the purpose of the agreement in the first place, for me to retain an ownership interest in the patent while otherwise walking away. In the nearly twenty year since that agreement was signed, I have always understood that it operated to transfer my patent rights to TSI.

Dkt. # 197-1 ¶ 5.

Plaintiff also provides a declaration from Mr. Madlener, who states that he drafted the agreement "in an effort to achieve our intended purpose in which Mr. McGuire would fully walk away forever, and would leave all of his assets and contributions behind." Dkt. # 197-3 ¶ 2. Mr. Madlener confirms that his intent at the time he drafted and executed the agreement was identical to Mr. McGuire's. *Id.* ¶ 5 ("I understood and intended at the time, and still understand and intend today, that this agreement gave TSI any ownership interest he might have in the patent application which resulted in the granting of US patent 8,180,858").

In considering the agreement as a whole, the Court finds nothing that conflicts with the stated intentions of Mr. McGuire or Mr. Madlener. The entirety of the agreement demonstrates conveyance to TSI of all rights and interests, including those related to the patents and pending patent applications. Under California law, the Court finds that the use of the term "release" of rights as opposed to "assignment" of rights is not dispositive. There is no magic term that must be invoked under state law to effectuate an assignment of rights to a pending patent. *See MacKinnon*, 73 P.3d at 1212

ORDER – 6

(holding "the interpretation of a contract must give effect to the 'mutual intention' of the parties" at the time of the contract).

The Court agrees with Plaintiff that there would be no reason to mention patents and patents pending in the provision specifically releasing claims to TSI if the purpose of the agreement was to permit Mr. McGuire to maintain the very patents and patents pending that he was "releasing" to TSI. Dkt. # 197 at 8. The testimony provided regarding the mutual intent of the parties is consistent with the provision language, and the Court so interprets it. Moreover, at the time of the contract, the '858 patent had not yet been issued, so any explicit reference to it would be premature or, at minimum, understandably left out.

Finally, Defendant does not provide any evidence to dispute the mutual intentions of the parties. Having concluded that evidence of mutual intentions is permissible to interpret the agreement and absent any evidence contradicting the intentions presented by Plaintiff, Defendant has failed to meet its burden for summary judgment.

## V. CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Defendant's motion for summary judgment. Dkt. # 190.

DATED this 23rd day of September, 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 7