HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TREEHOUSE AVATAR LLC,

     Plaintiff,

  v.

VALVE CORPORATION, a Washington
Corporation,

     Defendant.

No. 2:17-cv-01860-RAJ

ORDER

## I.   INTRODUCTION

   This matter comes before the Court on Defendant's Motion to Strike Portions of Expert Report of Stacy A. Friedman for Failure to Apply Proper Claim Construction. Dkt. # 186.  Plaintiff opposes the motion.  Dkt. # 192.  For the reasons below, the motion is **GRANTED**.

## II.   DISCUSSION

   Plaintiff Treehouse Avatar LLC ("Plaintiff" or "Treehouse") filed suit against Defendant Valve Corporation ("Defendant" or "Valve") alleging patent infringement of

ORDER – 1

U.S. Patent No. 8,180,858 ("the '858 patent"), entitled "Method And System For Presenting Data Over A Network Based On Network User Choices And Collecting Real-Time Data Related To Said Choices."  Dkt. # 1.

Stacy A. Friedman is one of Plaintiff's expert witnesses.  Dkt. # 186 at 2.  On December 4, 2020, he provided a report on infringement.  *Id.*  In the report, he stated that he was applying the "plain and ordinary meaning" for all claim terms except for those included in the two tables in his report listing (1) the Court's constructions and (2) the parties' agreed upon constructions.  *Id.*  The parties had agreed that the Court should adopt the construction for "character-enabled network site" as "a network location, other than a user device, operating under control of a site program to present a character, object, or scene to a user interface."  *Id.*; Dkt. # 62-3 at 11-12.  Mr. Friedman, however, did not include this claim construction in his tables and did not apply the claim construction agreed upon by the parties in his report.  Dkt. # 186 at 2.

Three weeks later, Defendant filed the instant motion.  *Id.*  Defendant claims that Mr. Friedman used a different, overbroad construction of the term "character-enabled network site" as a basis for certain opinions.  *Id.* at 1.  Plaintiff filed a supplemental report by Mr. Friedman, but Defendant argues that it does not rectify the matter because the report "still fails to apply all elements of the correct claim construction for 'character enabled network site' to the accused computer games."  *Id.* at 4.

Specifically, Defendant asserts that Mr. Friedman "expressly applied a much broader and circular construction of 'character enabled network site,' as servers that 'allow the use of characters on the network sites.'"  *Id.* at 4.  Defendant claims that Mr. Friedman's construction of the term is impermissibly broad because "it omits key elements of the parties' agreed construction, including: (1) the requirement 'to present'; (2) the requirement that the network location be 'other than a user device;' and (3) the requirement of 'operating under control of a site program.'"  *Id.*  Mr. Friedman's failure to identify corresponding "site programs" in his report is problematic, Defendant

ORDER – 2

contends, because a 'site program' is an essential aspect of the proper construction." *Id.* at 5.  Based on this argument, Defendant moves the Court to strike the portions of Mr. Friedman's report that apply a different claim construction than that agreed upon by the parties, including the following paragraphs: 67-69, 76-77, 80-81, 140, 141, 143, 146-147, 156, 158-159, 165-166, 168-169, 179-181, 187-188, 191, 193-194, 203, 205-206, 212-213, 215-216, 226-228, Appendix 2, and Appendix 3.  *Id.* at 1.

Plaintiff acknowledges that Mr. Friedman did not use the exact phrasing of the claim limitation at issue in each instance.  Dkt. # 192 at 3.  However, Plaintiff argues that Mr. Friedman's testimony does not contradict the Court's construction of the term, as must be shown before striking it.  *Id.*  Plaintiff contends that Mr. Friedman's 149-page report is, in fact, consistent with the parties' construction of the term "character-enabled network site," and the parties' agreed construction "*is* the plain and ordinary meaning" that was used by Mr. Friedman."  *Id.*  Plaintiff also claims that the agreed construction is redundant to other claim limitations and the interpretations of those limitations.  *Id.* at 4.

Defendant disagrees, arguing that the "ordinary meaning" omits several agreed requirements for the network location: (1) "to present a character, object, or scene to a user interface"; (2) to be "other than a user device;" and (3) "operating under control of a site program."  Dkt. # 194 at 2.  Defendant also argues that the "ordinary meaning" of the term "network site" would "not exclude user devices like the agreed construction does because the user devices commonly reside on networks."  *Id.*  Next, Defendant maintains that there is no accepted ordinary meaning of the term "character-enabled network site." *Id.*  Plaintiff had proposed a specific definition for the term to the Patent Trial and Appeal Board ("PTAB"), which itself is distinct from the official construction because it lacked "any requirement that the network location be '*other than a user device*' and or [sic] be *controlled by* the software operating on a server."  *Id.* at 3.  Finally, Defendant argues that the agreed construction is not "redundant," as alleged by Plaintiff for several reasons: (1) "[t]he requirement that the network location be 'other than a user device' is not

ORDER – 3

redundant because a user device may otherwise reside on a network"; (2) "[t]he requirement that the network location be 'under control of a site program' is not redundant because it excludes software that performs other functions"; and (3) "[t]he requirement for 'presenting' is not redundant because it distinguishes the lesser action of merely providing data to another network location for presentation." *Id.*

The Court agrees.  Defendant has demonstrated how the "plain and ordinary" meaning of the term "character enabled network site" is inconsistent with the parties' agreed construction.  Testimony based upon a claim construction that is inconsistent with the agreed upon construction is impermissible.  *See Cordis Corp. v. Bos. Sci. Corp.*, 658 F.3d 1347, 1357 (Fed. Cir. 2011) (holding that a court "must disregard the testimony of [an] expert . . . because . . . that testimony was based on an incorrect understanding of the claim construction").  The Court therefore strikes the portions of Mr. Friedman's report that rely on Mr. Friedman's own interpretation of the term "character enabled network site" insofar as it is inconsistent with the parties' agreed claim construction.

### III.    CONCLUSION

Based on the foregoing reasons, Defendant's Motion to Strike Portions of Expert Report of Stacy A. Friedman is **GRANTED**.  Dkt. # 186.  Paragraphs 67-69, 76-77, 80-81, 140, 141, 143, 146-147, 156, 158-159, 165-166, 168-169, 179-181, 187-188, 191, 193-194, 203, 205-206, 212-213, 215-216, 226-228, Appendix 2, and Appendix 3 in the December 4, 2020 Expert Report of Stacy A. Friedman are hereby **STRICKEN**.

DATED this 30th day of September, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4