UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TREEHOUSE AVATAR LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>VALVE CORPORATION,<br><br>        Defendant. | C17-1860 RAJ<br><br>ORDER |

THIS MATTER comes before the Court on a motion for summary judgment, docket no. 206, brought by defendant Valve Corporation ("Valve"). Having reviewed all papers filed in support of, and in opposition to, the motion, and having concluded that the motion can be decided without oral argument, which neither party requested, the Court enters the following Order.

ORDER - 1

**Background**

Plaintiff Treehouse Avatar LLC ("Treehouse") has sued Valve for infringement of U.S. Patent No. 8,180,858 (the "'858 Patent"), which appears to have expired on July 12, 2020,[1] during the pendency of this action. Valve has asserted counterclaims seeking declaratory judgment as to non-infringement and invalidity of the '858 Patent. Valve develops and distributes video games, including Defense of the Ancients 2 ("DotA 2") and Team Fortress 2 ("TF2"). DotA 2 is a multiplayer game in which each team of characters attempts to destroy the other team's base. Friedman Report at ¶¶ 41–42, Ex. 9 to Skok Decl. (docket no. 213-6).[2] TF2 is a first-person shooter game. Id. at ¶ 45. In both games, a user may select from among various playable characters, each of which has different combat abilities, and then pay extra fees to customize the chosen character's appearance. Id. at ¶¶ 41 & 46–47. The games may, however, be played without any customization. See id. at ¶¶ 143 & 190; see also Friedman Dep. at 67:7–19 & 73:10–74:6, Ex. 11 to Skok Decl. (docket no. 213-8).

The '858 Patent discloses a method for "presenting data over an information network based on choices made by the users of the network and collecting data related to the choices made by the users." '858 Patent at Col. 1, Lines 19–22 (docket no. 1-1).

---

[1] See 35 U.S.C. § 154(a)(2); see also Ex. A to Compl. (docket no. 1-1 at 2) (indicating that the application ripening into the '858 Patent was a continuation of an application that itself was a continuation of another application filed on July 12, 2000).

[2] The Court previously granted Valve's motion to strike portions of the report of Treehouse's expert Stacy A. Friedman. See Order (docket no. 239). Friedman's descriptions of the video games at issue were not, however, stricken, and Valve has itself relied on them in its motion for summary judgment. See Def.'s Mot. at 3 (docket no. 206).

ORDER - 2

Treehouse accuses Valve of directly infringing Claims 1–4, 6, and 21–24 of the '858 Patent, with all of these claims allegedly reading on DotA 2 and only Claims 21–24 reading on TF2. See Ex. 13 to Skok Decl. (docket no. 213-10). Of the asserted claims, only Claims 1 and 21 are independent, and they each contain the phrase "character-enabled network sites." See '858 Patent at Col. 13, Line 26 & Col. 15, Lines 36–37 (docket no. 1-1). In instituting an inter partes review ("IPR") proceeding concerning certain claims of the '858 Patent, the United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") construed the term "character-enabled network site" as follows: "**a network location, other than a user device, operating under control of a site program to present a character, object, or scene to a user interface**." See PTAB Decision at 11 (docket no. 205-2) (emphasis added).[3] The parties did not ask the Court to construe the phrase, see Order (docket no. 155), and instead agreed to adopt the PTAB's interpretation, see Joint Claim Construction Statement at Term No. 3 (docket no. 55-1).

In his report on infringement, Treehouse's expert (Stacy A. Friedman), did not apply the applicable definition of "character-enabled network site," and the Court struck inter alia the paragraphs of Friedman's report in which he opined that the DotA 2 "servers are character-enabled network sites" and that "TF2 operates a plurality of

---

[3] After the PTAB instituted an IPR proceeding concerning Claims 9–14 of the '858 Patent, which Valve asserted were obvious in light of certain prior art, Treehouse filed a statutory disclaimer of those claims, and the PTAB entered judgment against Treehouse. See Valve Corp. v. Treehouse Avatar LLC, No. IPR2016-01069, 2017 WL 2616012 (PTAB June 16, 2017). Unlike the patent claims asserted in this litigation, Claims 9–14 do not involve "character-enabled network sites."

ORDER - 3

character enabled (CE) network sites for a plurality of users." See Order at 4 (docket no. 239) (striking numerous paragraphs, including ¶¶ 67 & 187, as well as Appendices 2 and 3, of the Friedman Report, Ex. A to Skok Decl. (docket no. 187)). The Court's ruling was made after the briefing on Valve's motion for summary judgment had been completed, and Treehouse's sole response to Valve's argument that no evidence supports a finding that the accused video games operate on "character-enabled network sites" was as follows:

> Valve's motion with respect to CE Network Sites is based solely on the proposition that Mr. Friedman's testimony should be stricken. . . . [A]ssuming that his testimony is not stricken, this portion of Valve's motion should be denied.

Pl.'s Resp. at 10 (docket no. 217).

**Discussion**

**A.    Summary Judgment Standard**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To survive a motion for summary judgment, the adverse party must present "affirmative evidence," which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 257 (1986). When the record, taken as a whole, could not, however, lead a rational trier of fact to find for the non-moving party on matters as to which such party will bear the burden of proof at trial, summary judgment is warranted. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B. **Character-Enabled Network Sites**

In its summary judgment motion, Valve presented three arguments, but the Court need address only one of them, namely that Treehouse cannot establish that Valve operated "character-enabled network sites," as required by each asserted patent claim. To prove direct infringement, Treehouse must establish that "all steps of a claimed method are performed by or attributable to a single entity," in this case, Valve. See Akamai Techs., Inc. v. Limelight Networks, Inc., 797 F.3d 1020, 1022 (Fed. Cir. 2015). The phrase "character-enabled network sites" appears in the preamble of both Claims 1 and 21 of the '858 Patent, as well as in the first step of the method disclosed in Claim 1 and the first, third, fourth, and fifth steps of the method set forth in Claim 21.

Claim 1 describes:

> A method of collecting data from an information network in response to user choices of a plurality of users made while accessing said information network and navigating character-enabled (CE) network sites on said information network, said method comprising:
>
> storing a plurality of character data in a database accessible by said CE network site . . . .

'858 Patent at Col. 13, Lines 23–29 (docket no. 1-1). Claim 21 outlines:

> A method of operating a plurality of character enabled (CE) network sites for a plurality of users, said method comprising the steps of:
>
> a. causing a user, through a user interface operating on a device of said user, to create a character for use on said plurality of CE network sites, said character having a character profile including a plurality of attributes selected by said user;
>
> . . .
>
> c. storing said associating information and said character profile in a database that is accessible to said CE network site;

ORDER - 5

>    d. upon receiving a request for access to one of said plurality of CE network sites, enabling a user to retrieve a previously created character profile from said database using said associating information;
>
>    e. if said user has previously created a character profile, retrieving said character profile from said database and causing said character to be displayed on said CE network site on said device of said user; and
>
>    f. repeating steps a through e for a plurality of users.

Id. at Col. 15, Line 36–Col. 16, Line 12.

Relying on the opinion of its expert, Michael Zyda, Ph.D., Valve contends that its servers for DotA 2 and TF2 do not qualify as "character-enabled network sites," and that, as a result, the accused video games do not perform every step of the methods claimed in, and do not infringe, the '858 Patent. Treehouse has moved to strike portions of one of Zyda's reports and to exclude in part Zyda's testimony at trial, but neither of its motions challenge Zyda's opinion that Valve's servers are not "character-enabled network sites." See Pl.'s Mot. to Strike[4] (docket no. 183); Pl.'s Daubert Mot.[5] (docket no. 204). In his

---

[4] Treehouse seeks to strike the sections of Zyda's report asserting invalidity of the '858 Patent in light of a video game known as Half-Life and on the ground of obviousness; Treehouse's request is based on Valve's alleged failure to identify Half-Life in its original or amended invalidity contentions and to comply with the requirements of Local Patent Rule 121 in identifying the prior art or combination of prior art that supposedly renders obvious the asserted claims of the '858 Patent. See Pl.'s Mot. to Strike at 1 & 4–10 (docket no. 183). Even if Treehouse's motion to strike were granted, Zyda's non-infringement analysis would remain part of the record for purposes of Valve's motion for summary judgment.

[5] Treehouse proposes to exclude from trial any testimony by Zyda concerning: (i) invalidity of the '858 Patent in light of Half-Life; (ii) opinions based on hearsay; (iii) information provided by third parties who are not experts; and (iv) opinions premised on allegedly improper claim construction. See Pl.'s Daubert Mot. at 1-10 (docket no. 204). Treehouse's first three arguments concern Zyda's invalidity, as opposed to non-infringement, opinions. Treehouse's other basis for asserting that Zyda's testimony should be limited relates to four phrases, three of which do not affect whether the DotA 2 and TF2 servers constitute "character-enabled network sites." As to the fourth phrase, "network location," which is not itself a claim term, Treehouse accuses Zyda of paying mere "lip service" to the parties' agreed construction of "character-enabled

ORDER - 6

1  Infringement Report, Zyda explained that Valve operates Steam, which is a distribution

2  platform via which users can create accounts and download computer-game software

3  onto their own devices.  Zyda Non-Infringement Report at ¶¶ 43–44, Ex. 12 to Skok

4  Decl. (docket no. 213-9).  After being downloaded, both DotA 2 and TF2 can be played

5  in either online or offline mode.  Id. at ¶¶ 47–48, 50–51, & 58.  Zyda has indicated that,

6  in connection with DotA 2 and TF2, he is "not aware of any Valve server or other

7  network location that 'operat[ed] under control of a site program to present a character,

8  object, or scene to a user interface.'"  Id. at ¶ 74 (alteration in original).  Rather, given the

9  way DotA 2 and TF2 are designed and operate, the "presenting to and displaying on" the

10 user's interface is "performed by that user's client computer," when it executes the

11 downloaded DotA 2 or TF2 software and other software residing on the user's computer,

12 including its operating system (e.g., Microsoft Windows), rendering software (e.g.,

13 Microsoft DirectX), and video and sound card drivers.  Id. at ¶ 75.  According to Zyda,

14 the various characters ("heroes" in DotA 2 and "classes" in TF2) and all available items

15 (weapons, clothing, etc.) in the universe of each game, including the defaults accessible

16 to all users and the extra inventory that may be purchased, are contained in the

17 downloaded software, which is why each program is "so large in size, more than 10 GB

---

network site."  Id. at 5–6.  Treehouse's motion, however, asks only that Zyda be precluded from testifying that "a location within a game is a character-enabled network site," see id. at 6, and solely in connection with Zyda's invalidity opinions, see id. at 5–6 (citing ¶¶ 146–47 & Chart 1 of Zyda's Invalidity Report, Exs. 2 & 7 to Pl.'s Daubert Mot. (docket nos. 204-2 & 204-7)).  In sum, Treehouse has not attempted to restrict, in connection with Valve's dispositive motion or at trial, Zyda's analysis of why Treehouse has failed to show that the DotA 2 and TF2 servers qualify as "character-enabled network sites."

ORDER - 7

each." Id.  Zyda further states that the DotA 2 and TF2 clients (or servers) do not themselves have "the capability to present anything to a user interface or display anything on a user's device." Id.

Zyda criticizes Treehouse's expert (Friedman) for failing to identify any character-enabled network site operated by Valve. Id. at ¶ 79.  In his report, Friedman included screen shots of (i) information displayed on a user interface (i.e., a monitor) concerning the 119 "heroes" available in DotA 2, and (ii) additional character data associated with a particular hero, namely "Dragon Knight."  See Friedman Report at ¶¶ 72–73 (Figs. 1.a.1 & 1.a.2), Ex. 1 to Pl.'s Resp. to Mot. to Strike (docket no. 192-1).  In a paragraph of his report that was stricken by the Court, see Order at 4 (docket no. 239), Friedman asserted that the DotA 2 heroes (as shown in Figure 1.a.1 of his report) and possible adornments (as illustrated, for example, in his Figure 1.a.2) existed on Valve's servers, meaning that a "plurality of character data" was stored "in a database accessible by" a "character-enabled network site," as required by the first step of the method described in Claim 1 and the third step of the method outlined in Claim 21 of the '858 Patent.  See Friedman Report at ¶ 76 (docket no. 192-1); see also id. at ¶ 74.

Zyda has conducted tests that contradict Friedman's hypothesis.  Zyda determined that the presentation of DotA 2 characters and accoutrements on a user interface (as they appear in Figures 1.a.1 and 1.a.2 of Friedman's Report) was the same regardless of whether the user's device was in online or offline mode.  Zyda Non-Infringement Report at ¶¶ 110 & 117 (docket no. 213-9).  Zyda repeated his experiments with respect to TF2 and obtained similar results; while in offline mode, Zyda could see the same options as

ORDER - 8

depicted in Friedman's report. Id. at ¶¶ 297–98 (referencing Figs. TF21.a.3 & TF21.c.4 of Friedman's Report). Based on his investigation, which also included examination of the source code for each game and discussions with Valve personnel, Zyda concluded that the presentation of characters (in a gallery) and related items (in a "loadout screen") is performed by the computer of a user who had downloaded the DotA 2 or TF2 software, and not by a server or network location operated by Valve. See id. at ¶¶ 110–11, 117–18, & 298–99. Treehouse has acknowledged that a "character-enabled network site" is "something 'other than a user device, operating under control of a site program,'" see Pl.'s Daubert Mot. at 6 (docket no. 204), but it has not proffered any admissible evidence that, in connection with DotA 2 and/or TF2, something other than a user device is what "present[s] a character, object, or scene to a user interface," as required by all asserted claims of the '858 Patent. See PTAB Decision at 11 (docket no. 205-2).

**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

(1) Valve's motion for summary judgment, docket no. 206, is GRANTED;

(2) Treehouse's patent infringement claim against Valve is DISMISSED with prejudice, and Valve is entitled to a judgment, on its first counterclaim, declaring that DotA 2 does not infringe Claims 1–4, 6, and 21–24 of the '858 Patent and that TF2 does not infringe Claims 21–24 of the '858 Patent;

(3) Valve's second counterclaim for a declaration of invalidity is sua sponte DISMISSED without prejudice for lack of subject matter jurisdiction; see Altvater v. Freeman, 319 U.S. 359, 363 (1943) ("To hold a patent valid if it is not infringed is to

decide a hypothetical case."); Stratasys, Inc. v. Microboards Tech., LLC, No. 13-3228, 2015 WL 12778849 (D. Minn. Mar. 25, 2015);

(4) Treehouse's motions for partial summary judgment, docket no. 205, to strike portions of Zyda's report, docket no. 183, and to preclude Zyda from testifying at trial about certain subjects, docket no. 204, as well as Valve's motions to exclude the testimony at trial of Treehouse's experts, docket nos. 207, 208, and 211, are STRICKEN as moot;

(5) The Clerk is DIRECTED to enter judgment consistent with this Order, to send a copy of this Order and the judgment to all counsel of record, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 4th day of November, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge